**UNITED STATES of America,**

v.

**Charles CARNEGLIA, Defendant.**

**No. 00–CR–638 (ADS).**

United States District Court,
E.D. New York.

Jan. 9, 2003.

Roslynn R. Mauskopf, United States Attorney, by Leonard Lato, Assistant United States Attorney, Brooklyn, NY, for U.S.

Rubinstein & Corozzo, LLP, by Joseph R. Corozzo, Esq., of Counsel, New York, NY, for the Defendant.

SPATT, District Judge.

The defendant is currently an inmate at the Federal Correctional Institution in Fort Dix, New Jersey having been sentenced on September 28, 2001 to 63 months for conspiracy to commit extortion, 18 U.S.C. § 1951. Presently before the Court is an application by the defendant for an order allowing him to receive dental implant treatment from his treating dentist outside the correctional facility on a "furlough". This will necessitate 4 to 6 visits to the dentist over a period of approximately 6 weeks. The defendant offers to pay for all of the expenses of the trips to the dentist and the additional expenses for the United States Marshals who must accompany him.

The Court denies the application for the following reasons. First, the Court does not have jurisdiction to direct such medical treatment. *See United States v. Goldman,* No. 97–81, 1998 WL 906662, at *1 (S.D.N.Y. Dec.29, 1998) ("The question of appropriate medical care for a prisoner is entrusted to the judgment of the Bureau of Prisons. This Court does not have the jurisdiction to enter the type of order the defendant seeks."); *United States v. Gigante,* No. 02–140, 2002 WL 720347, at *4 (E.D.N.Y. Mar.12, 2002) (holding that the Court did not have jurisdiction to grant the furlough for medical treatment). *Cf. Estelle v. Gamble,* 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976) ("An inmate must rely on prison authorities to treat his medical needs . . . .").

Second, even if the Court had jurisdiction to direct the dental treatment in this case, the Court would not grant such relief. Significantly, the defendant is not a good candidate for "furlough" based upon his conviction and previous record. *See Gigante,* 2002 WL 720347, at *4 (finding that the defendant is a poor furlough candidate because he cannot be expected to "honor the trust to be imposed in him"). Presently, the defendant stands convicted of conspiracy to commit extortion and is in the early period of a 63 month term of imprisonment. In addition, his prior criminal record displays a history of violence. He has been convicted on three previous occasions and has been arrested fourteen times for an assortment of crimes including attempted murder, assault and RICO-related offenses.

Furthermore after a hearing and upon reconsideration, the Court finds that dentures would constitute sufficient dental treatment and that dentures could be provided in the correctional facility. Although the defendant's dentist testified that the defendant needed implants, he stated that

the defendant needed these implants for some time. The proof revealed that the defendant could have had the implants placed in his mouth before he was convicted. It was not until after he was convicted and facing a prison term, that he sought treatment for implants. Although the government's dental expert testified that implants would achieve a better result, he stated that implants are not necessary and dentures would be a sufficient alternative. Based upon the foregoing, the defendant's application for an order allowing him to go on a "furlough" for an extended period of time to receive implant treatment from his dentist is denied.

In conclusion, the Court notes that the Eighth Amendment to the United States Constitution applies to prison officials when they are deliberately indifferent to the serious medical needs of an inmate. *See Estelle,* 429 U.S. at 103, 97 S.Ct. at 290. On the other hand, in the Court's view, the facts in this case do not amount to the level of deliberate indifference that would support such a cause of action.

**SO ORDERED.**